# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| RICHARD J. GATT,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS RECOVERY SERVICES, INC.,<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:11-cv-43-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) Express Recovery Services, Inc.'s ("Defendant") motion to set aside default judgment[2] and (2) Richard J. Gatt's ("Plaintiff") motion to remand to state court.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 15.

[2] *See* docket no. 13.

[3] *See* docket no. 6.

At the outset, the court notes that Plaintiff is proceeding pro se in this case. Accordingly, the court will construe his pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

On November 9, 2010, Plaintiff commenced this action in West Valley Court. On December 21, 2010, the West Valley Court entered default judgment against Defendant. The default judgment was premised on an "amended" return of service, which claims that Defendant's registered agent, David York, was personally served with the Small Claims Affidavit on December 12, 2010.

According to Defendant, it first became aware of the instant action when it received a copy of the default judgment in the mail. On January 5, 2011, Defendant filed with the West Valley Court a motion to vacate the default judgment on grounds that it had never been served with the Small Claims Affidavit. On January 11, 2011, Defendant removed the case to this court, and filed the requisite notice with the West Valley Court.

On January 20, 2011, Plaintiff filed his motion to remand in this court. In support of his motion to remand, Plaintiff has submitted a letter from Jay Weaver and Richard Weaver, wherein those individuals claim that the Small Claims Affidavit was delivered, not to Mr. York, and not on December 12, 2010, but to some unidentified person at Mr. York's office on November 11, 12, or 15, 2010. During the months of November and December 2010, David York was the registered agent for Defendant.

Defendant and Mr. York assert that Mr. York was never been personally served with the Small Claims Affidavit in the matter described by Plaintiff. In addition, Defendant and Mr. York assert that they never authorized anyone at Mr. York's office to accept service of process on his behalf for Defendant. Mr. York claims that he has caused a thorough search to be conducted at his offices, that no one recalls having ever seen or having been served with the Small Claims Affidavit, and that a copy of the Small Claims Affidavit has not been found at his office. According to Mr. York, he first learned about this instant action was when he was contacted the week of January 3, 2011, and was asked to sign an affidavit in support of Defendant's motion to vacate the default judgment.

On February 23, 2011, Defendant filed its motion to set aside the default judgment previously entered by the West Valley Court. Plaintiff has not responded to that motion.

## ANALYSIS

As noted above, the motions before the court are (1) Defendant's motion to set aside default judgment and (2) Plaintiff's motion to remand to state court. The court will address the motions in turn.

### I. Defendant's Motion to Set Aside Default Judgment

As indicated above, this motion was filed on February 23, 2011. Plaintiff has failed to file a response to Defendant's motion, and the deadline for doing so passed long ago. *See* Fed. R. Civ. P. 6; DUCivR 7-1(b)(4)(B). While the court recognizes that Plaintiff is proceeding pro se in this case, his pro se status does not excuse him from complying with the basic requirements of the Federal Rules of Civil Procedure and this court's Rules of Practice. *See, e.g.*, *Ogden v. San*

*Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

Given Plaintiff's failure to respond to Defendant's motion, it stands as unopposed and should be granted. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the motion without further notice."). The default judgment entered against Defendant should be set aside.

## II. Plaintiff's Motion to Remand to State Court

In his motion, Plaintiff does not dispute that this case is eligible for removal. Instead, he argues only that Defendant's notice of removal was not filed within the thirty-day period provided by statute. *See* 28 U.S.C. § 1446(b).

Given the uncertainty surrounding the date or existence of service in this case, as well as Plaintiff's inability to provide definitive proof of a date of service, the court cannot say that Defendant's notice of removal was not timely filed. Accordingly, Plaintiff's motion to remand to state court should be denied.

# CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED:**

1. Defendant's motion to set aside default judgment[4] be **GRANTED**.

2. Plaintiff's motion to remand to state court[5] be **DENIED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of June, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 13.

[5] *See* docket no. 6.